■ In the Matter of RUBENA PUGEDA-CHAN, Petitioner, v MARY E. GLASS, Respondent. [650 NYS2d 557] —In a proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Paula Omansky, J.], entered on or about August 22, 1995), determination of respondent dated October 20, 1994, which directed petitioner to pay $135,198.50 in restitution and suspended her from the Medicaid program for five years, unanimously modified, on the facts, to confirm only the disallowance of claim number 148, and to annul the remainder of the determination and the matter remanded for further administrative proceedings, without costs.

Substantial evidence supported the agency's determination, after an administrative hearing, that there was no medical necessity or sufficient documentation to justify petitioner's ordering sample claim number 148, a test for lead toxicity, and that petitioner was thus in violation of 18 NYCRR 515.2 (b) (*see, Matter of Pell v Board of Educ.*, 34 NY2d 222, 230).

However, as to sample claim number 106 for a retroperitoneal sonogram, petitioner's order form and the radiologist's report indicate that petitioner never ordered such a test, but

rather, that a limited abdominal sonogram of the liver and kidneys was requested and performed. The record is not clear whether the radiologist submitted a claim for both an abdominal and a retroperitoneal sonogram, or just mistakenly billed for one rather than the other. The unrefuted testimony at the hearing was that at least the scan of the liver was appropriate. Moreover, petitioner was prevented from establishing the justification for the abdominal scan, and the agency apparently conceded that it was only disallowing a retroperitoneal sonogram, but not disputing the abdominal scan. Therefore, it is unclear how respondent reached the conclusion that the abdominal scan was not medically justified. Accordingly, the matter is remanded for further administrative proceedings to determine whether two sonograms were billed and whether the abdominal sonogram was medically necessary and supported by petitioner's medical records. Concur—Milonas, J. P., Wallach, Kupferman, Tom and Andrias, JJ.